IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARQUIMENDES MENDOZA,

    Petitioner,             No. CIV S-09-1710 DAD P

    vs.

MATTHEW CATE,

    Respondent.           ORDER

_____/

        Petitioner is a federal prisoner proceeding pro se with a petition which appears to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has attached to his petition in this action exhibits which indicate that he is currently in federal custody and is challenging, in a separate action, the sentence that was imposed against him in federal court for illegal reentry after deportation in violation of 8 U.S.C. § 1326. In the pending petition, petitioner challenges his 2004 guilty plea to rape of an intoxicated person for which he was sentenced to three years in state prison. However, it appears that petitioner has served his state prison sentence. Because the nature of the pending petition is unclear, the court will direct petitioner to file a response to this order clarifying whether petitioner is attempting to proceed in

/////

/////

1

this action with a habeas petition brought pursuant to 28 U.S.C. § 2241, a petition for a writ of error corum nobis[1], or some other action.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the service of this order, petitioner shall file a response to this order clarifying the relief he seeks herein, the nature of the claim he wishes to pursue and the legal authority which supports his request for relief, including the basis for the court's exercise of jurisdiction over his petition.

DATED: December 18, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mend1710.ord

---

[1] A writ of error corum nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody. It is "essentially a remedy of last resort," and uses the same analytical framework as applied when reviewing successive § 2255 habeas petitions. Fleming v. United States, 146 F.3d 88 (2d Cir. 1998). Coram nobis relief is extremely rare and only granted "under circumstances compelling such action to achieve justice" and is available because results of the conviction can persist after the sentence has been served. United States v. Morgan, 346 U.S. 502, 511 (1954).