IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARQUIMENDES MENDOZA,

    Petitioner,                        No. CIV S-09-1710 MCE DAD P

   vs.

MATTHEW CATE,

    Respondent.                     ORDER

                                /

        Petitioner, currently a prisoner at the Federal Correctional Institution at Marianna, Florida, is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his 2004 judgment of conviction entered in the San Joaquin County Superior Court following his plea of guilty to rape of an intoxicated person in violation of California Penal Code § 261(a)(3).

        On November 3, 2010, respondent filed a motion to dismiss the pending petition as having been filed beyond the applicable one-year statute of limitations.[1] Petitioner opposes the motion, contending that his petition for writ of habeas corpus was timely filed. In this

---

[1] Petitioner did not file a timely opposition to the motion. On December 13, 2010, the court ordered petitioner to show cause why the respondent's motion should not be granted. On January 3, 2011, petitioner filed his response to the court's order to show cause, which the court has construed as his opposition to the pending motion. Respondent has not filed a reply.

1

regard, petitioner argues that pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations for the filing of this federal habeas action did not begin to run until January 25, 2008, when he was first informed by Assistant Federal Public Defender Cynthia C. Lie[2] that the offense he had pled guilty to in state court is considered a serious felony which constitutes a "strike" offense under California's Three Strikes law, and that petitioner had a potentially meritorious challenges to that conviction based upon the unreliability of the DNA evidence in his state case. See Response to OSC (Doc. No 16) at 2; Decl. of C. Lie ( Doc. No. 1) at 34.  Petitioner attached a copy of the transcript of his change of plea hearing to his federal petition.  That transcript appears to show reflect that his defense counsel and the deputy district attorney believed that petitioner was pleading guilty to a non-strike offense in the San Joaquin County Superior Court.  See Doc. No. 1 at 81-88.  The relevant portions of the entry of plea hearing transcript reflect the following exchange:

> MR. HICKEY [Petitioner's Counsel]:  He is prepared this morning to resolve his case.  I have been in discussion with Mr. Brooks.  We have come up with a section that is fine as to his conduct; sex with a woman who is passed out.  So we'll enter a plea to 261(a)(3) for a period of three years.
>
> * * *
>
> MR. HICKEY:  We want to make sure the subsection is correct, because it does make a difference.
>
> THE COURT:  261(a)(3).
>
> MR. BROOKS [Deputy District Attorney]:  Correct.
>
> * * *
>
> THE COURT:  Having each of your rights in mind then, how do you plead to Count 1, a violation of Section 261(a)(3) of the Penal Code, a rape by use of drugs, a felony, occurring July 17, 1999?
>
> THE DEFENDANT:  Guilty.

---

[2] Assistant Federal Defender Lie was representing petitioner in a separate federal prosecution which caused her to investigate petitioner's San Joaquin County Superior Court conviction which he seeks to challenge here based upon that investigation.

* * *

THE COURT: Because it is a serious felony or violent felony conviction, you will be required to complete 85 percent of the term.

MR. HICKEY: No, that was not agreed upon. That is why we found this section.

THE COURT: This is not a strike, then?

MR. BROOKS: I don't believe so, Judge.

THE COURT: All right. You will be eligible for 50 percent good time/work time credits. Do you understand that?

THE DEFENDANT: Yes.

(Doc. No. 1 at 82, 85-86.)[3]

      As noted above, petitioner argues that he did not learn of the factual basis for his federal habeas petition until January 25, 2008, that the statute of limitations for the filing of a federal habeas petition did not begin to run until that date and with statutory tolling during the time his state habeas petitions were pending, this federal petition was timely filed. In support of that contention, he relies upon the declaration of his Assistant Federal Defender that was attached to his federal petition.

      Under 28 U.S.C. § 2244(d)(1)(D) the limitations period for the filing of a federal habeas petition "begins to run when the prisoner could have discovered the new evidence through the exercise of due diligence." Redd v. McGrath, 343 F.3d 1077, 1083 (9th Cir. 2003). See also Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (with respect to an ineffective assistance of counsel claim based on newly discovered evidence, under § 2244(d)(1)(D) the statute of limitations began to run when the evidence "suggesting both unreasonable performance [by counsel] *and* resulting prejudice" was or could have been

---

[3] In taking petitioner's plea, the state court judge also informed petitioner that, "You have credit for 239 actual days served, plus 118 days good time/work time, for a total credit of 357 days." (Doc. No. 1 at 87.)

3

discovered with the exercise of due diligence but not when petitioner recognizes the legal significance of the important facts)

In his brief motion to dismiss, counsel for respondent did not address the possible application of 28 U.S.C. § 2244(d)(1)(D) in this case. Moreover, respondent has not replied to petitioner's argument. The court will order respondent to file a reply brief with respect to the pending motion to dismiss in which respondent is directed to address the issue of whether petitioner is entitled to a delayed commencement of the AEDPA statute of limitations with respect to each of his claims for habeas relief. In addition, respondent is directed to address petitioner's argument that he could not have discovered the factual predicate for his claims before January 25, 2008 through the exercise of due diligence.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause, filed on December 13, 2010, is discharged; and

2. Within thirty days from the service of this order, respondent shall file and serve a reply brief addressing the issues identified above.

DATED: May 27, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mend1710.supp

4