IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARQUIMEDES MENDOZA,

Petitioner, No. CIV S-09-1710 MCE DAD P

vs.

MATTHEW CATE,

Respondent. FINDINGS AND RECOMMENDATIONS

_________________________________/

Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Therein, petitioner is challenging his 2004 judgment of conviction for rape of an intoxicated person in violation of California Penal Code § 261(a)(3) which was entered in the San Joaquin County Superior Court pursuant to a plea agreement.

On September 16, 2010, this court ordered respondent to file a response to the habeas petition. On November 3, 2010, respondent filed the pending motion to dismiss, arguing that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996

[1] On December 21, 2009, this court ordered petitioner to clarify the habeas relief he was seeking since it appeared that he was now in federal custody following his conviction for illegal reentry into the United States following his deportation. On February 1, 2010, petitioner responded to the court's order, explaining that he was challenging his 2004 San Joaquin County Superior Court conviction and was on parole at the time he filed this federal habeas action.

("AEDPA"). When petitioner failed to file an opposition to the pending motion, the court ordered him to show cause why the motion to dismiss should not be granted. On January 3, 2011, petitioner filed his response to the order to show cause in which he also argued that the motion to dismiss should be denied. On May 31, 2011, the court ordered respondent to file a reply addressing petitioner's arguments and, specifically, the issue of when the factual predicate with respect to each of petitioner's claims could have been discovered through the exercise of reasonable diligence under 28 U.S.C. § 2244(d)(1)(D). On July 28, 2011, respondent filed a three page reply without exhibits, very briefly and generally addressed the issue the court had identified.

**BACKGROUND**

On May 3, 2004, in the San Joaquin County Superior Court, petitioner entered a guilty plea to a violation of California Penal Code § 261(a)(3) (intercourse with a person who is prevented from resisting by any intoxicating or anesthetic substance) pursuant to a plea agreement and was sentenced to a term of three years in state prison. (Lod. Doc. 1.) Petitioner did not appeal from his judgment of conviction. (Mot. to Dismiss ("MTD") at 1.)

Thereafter, petitioner filed three state habeas petitions. First, on March 10, 2008, petitioner filed a habeas petition with the San Joaquin County Superior Court. (Lod. Doc. 2.) Therein, he raised two grounds for relief: (1) ineffective assistance of counsel in the negotiation and entry of his guilty plea based on counsel's misrepresentation that the conviction would not be a serious felony or a "'strike'"; and (2) ineffective assistance of counsel in failing to investigate and challenge the validity of the prosecutor's DNA evidence. On July 28, 2008, that habeas petition was denied.[2] (Lod. Doc. 3.)

---

[2] The San Joaquin County Superior Court determined that petitioner had not met his burden of stating a prima facie case of prejudice with respect to his ineffective assistance of counsel claims. (Lod. Doc. No. 3 at 4.) In addition, that court was not persuaded that petitioner would not have pled guilty if he had known that his conviction in the underlying case would be counted as a strike under California's Three Strikes law. (Id. at 3.)

On January 21, 2009, petitioner filed his next habeas petition with the California Court of Appeal for the Third Appellate District. (Lod. Doc. 4.) Therein, petitioner raised the same two grounds for relief that had been presented to the San Joaquin County Superior Court. On January 29, 2009, that petition was summarily denied. (Lod. Doc. 5.)

On March 26, 2009, petitioner filed a habeas petition with the California Supreme Court. (Lod. Doc. 6.) In that application petitioner raised the same two grounds as in his two earlier petitions as well as a third ground for relief, which was actually a combination of the other two grounds. Specifically, in his third ground for relief petitioner argued:

> I was denied the effective assistance of counsel in plea negotiations, in that my attorney's failure to seek relevant discovery and to investigate possible challenges to the prosecution's DNA analysis, together with his failure to apprehend that the plea bargain he procured would leave me with a serious felony or "strike" conviction, prevented him from negotiating a more favorable plea bargain.

(Id., Cal. Supreme Ct. Petition, Ground 3.) On April 22, 2009, the California Supreme Court summarily denied relief. (Lod. Doc. No. 7.)

On June 16, 2009, petitioner signed his federal habeas petition which was subsequently filed with this court on June 22, 2009. (Doc. No. 1 at 17.)

**PETITIONER'S HABEAS PETITION**

In his pending federal habeas petition, petitioner presents the same three grounds for relief that were presented to the California Supreme Court. First, petitioner claims that he was denied the effective assistance of counsel in plea negotiations and in the entry of his guilty plea.[3] In this regard, petitioner contends that during the plea negotiations he repeatedly asked his attorney if the offense he was pleading guilty to would be considered as a strike under California's Three Strikes law, since petitioner already had suffered one strike conviction and

---

[3] As noted, petitioner pled guilty to rape under circumstances "[w]here a person is prevented from resisting by any intoxicating or anesthetic substance . . . and this condition was known, or reasonably should have been known by the accused." Cal. Penal Code § 261(a)(3).

wished to avoid a second. Petitioner alleges that his attorney assured him that the charge to which he would plead guilty was not a strike and that counsel even emphasized this point on the record at the change of plea hearing. The following exchange at the plea hearing provides compelling evidence in support of petitioner's allegation in this regard:

> MR. HICKEY [Petitioner's Counsel]: He is prepared this morning to resolve his case. I have been in discussion with Mr. Brooks. We have come up with a section that is fine as to his conduct; sex with a woman who is passed out. So we'll enter a plea to 261(a)(3) for a period of three years.
>
> * * *
>
> MR. HICKEY: We want to make sure the subsection is correct, because it does make a difference.
>
> THE COURT: 261(a)(3).
>
> MR. BROOKS [Deputy District Attorney]: Correct.
>
> * * *
>
> THE COURT: Having each of your rights in mind then, how do you plead to Count 1, a violation of Section 261(a)(3) of the Penal Code, a rape by use of drugs, a felony, occurring July 17, 1999?
>
> THE DEFENDANT: Guilty.
>
> * * *
>
> THE COURT: Because it is a serious felony or violent felony conviction, you will be required to complete 85 percent of the term.
>
> MR. HICKEY [Petitioner's Counsel]: No, that was not agreed upon. That is why we found this section.
>
> THE COURT: This is not a strike, then?
>
> MR. BROOKS [Deputy District Attorney]: I don't believe so, Judge.
>
> THE COURT: All right. You will be eligible for 50 percent good time/work time credits. Do you understand that?
>
> THE DEFENDANT: Yes.

/////

(Petition (Doc. No. 1) at 82, 85-86.)[4]

Petitioner asserts that he would not have accepted the plea bargain but for his counsel's misrepresentation that the offense would not be considered as a strike conviction and, instead, he would have gone forward with the trial if his counsel was unable to negotiate a plea to a non-strike offense. In support of this contention, petitioner argues that the eyewitness and DNA evidence against him was subject to challenge and/or to an "alternative exculpatory interpretation." (Id. at 6.)

Petitioner also argues that he was denied the effective assistance of counsel when his attorney failed to investigate or challenge the prosecution's DNA evidence and analysis thereof. (Id. at 7.) In this regard, petitioner contends that the DNA match was a "'cold hit'" from California's DNA database and that his DNA was identified by the authorities from a sample containing two or more genotypes. (Id. at 8.) Petitioner argues that his counsel did not challenge the reliability of the DNA evidence or determine whether the levels of DNA in the sample were "consistent with . . . an inadvertent non-criminal transfer of genetic material or indirect contact, as opposed to direct sexual contact between . . . [petitioner] and the victim." (Id.) Petitioner contends that he was prejudiced both by his attorney's failure to adequately evaluate the DNA evidence and his attorney's mistaken opinion that "the DNA evidence was unassailable." (Id.)

Finally, petitioner claims that he was denied the effective assistance of counsel when his attorney failed to seek relevant discovery, failed to investigate challenges to the prosecutor's DNA evidence and analysis thereof, and mis-characterized the offense to which petitioner pled as not constituting a strike. (Id. at 11.) Petitioner concludes that had his attorney "merely examined the relevant provisions of the California Penal Code, he would have recognized his error and could have bargained instead for a lesser charge." (Id.)

/////

[4] At that hearing, the sentencing judge later stated: "You have credit for 239 actual days served, plus 118 days good time/work time, for a total credit of 357 days." (Doc. No. 1 at 87.)

**RESPONDENT'S MOTION TO DISMISS**

I. Respondent's Arguments

Respondent asserts that petitioner's judgment of conviction became final on July 2, 2004, sixty-days after sentencing. (MTD at 3) (citing Rule 8.308 of the California Rules of Court ). Thus, according to respondent, the statute of limitations for the filing of a federal habeas petition began to run on July 3, 2004, and expired on July 2, 2005, absent any tolling of the limitations period. (Id.) Respondent contends that because petitioner did not file any state post-conviction collateral challenges the one-year limitations period, the statute of limitations for the filing of a federal habeas action expired on July 2, 2005. (Id.) Respondent asserts that the three state habeas applications filed by petitioner were submitted over two years after the expiration of the statute of limitations for the filing of a federal petition and therefore did not extend the federal statute of limitations. (Id.) Respondent concludes, the pending federal habeas petition was untimely filed and should be dismissed. (Id.)

II. Petitioner's Opposition

On January 3, 2011, petitioner filed his response to the court's order that he show cause as to why respondent's motion to dismiss should not be granted in light of his failure to file an opposition to the motion. (Doc. No. 16.) The court has construed the filing as petitioner's opposition to the motion to dismiss.

Therein, petitioner argues that he did not learn of the factual basis for his habeas claims until January 25, 2008, when he was first informed by an Assistant Federal Public Defender[5] that his rape conviction was a strike or serious felony conviction under California law and that he had potentially meritorious habeas challenges to the reliability of the DNA evidence and analysis upon which his prosecution was based. (Id. at 2; Doc. No. 1 at 34.) Petitioner's

[5] According to a declaration from Assistant Federal Public Defender Cynthia Lie, she was assigned to represent petitioner on appeal following his federal conviction. (Doc. No 1 at 33.)

argument in this regard is supported by the detailed declaration of Assistant Federal Public Defender Cynthia Lie. (Doc. No 1 at 33-36.) Attorney Lie states that in late 2007 or early 2008 while representing petitioner in connection with federal charges, petitioner told her that his San Joaquin County Superior Court conviction for violation of California Penal Code § 261(a)(3) did not constitute a "strike" under California's Three Strikes law. (Id. at 34.) Because petitioner's belief struck her as "anomalous" Attorney Lie researched the issue further and discovered that a conviction under Penal Code § 261(a)(3) was in fact a serious felony under Penal Code § 1192.7 and constituted a strike conviction under California law. (Id.) Attorney Lie declares that on January 25, 2008, she met with petitioner and for the first time told him that the representations previously made to him[6] were incorrect, that his conviction for violating Penal Code § 261(a)(3) was a strike and discussed with him the possibility of seeking habeas relief to present his potentially meritorious challenges to that conviction. (Id.) Attorney Lie also details her efforts to further investigate petitioner's allegations, including obtaining a copy of the charging Information which did not contain the allegation that the § 261(a)(3) charge was a serious felony under § 1192.7, even though that was the practice of the San Joaquin County District Attorney when charging a serious felony/strike offense at the time. (Id.) Finally, Attorney Lie declared that after she obtained the change of plea transcript in February of 2008 and read the relevant portions to petitioner's trial counsel, he replied only that the "transcript spoke for itself" with respect to how petitioner had been advised. (Id.)

Supported by Attorney Lie's declaration, petitioner argues that the statute of limitations for his filing of a federal habeas petition did not begin to run until January 25, 2008 when he first learned of this factual basis, and that he is entitled to statutory tolling of the period

---

[6] As the plea hearing transcript quoted above reflects, petitioner's attorney, the deputy district attorney and the sentencing judge all represented to petitioner on the record that the offense to which he was entering his plea would not be considered a strike under California law and that the specific offense had been selected as part of the plea negotiations specifically because it was not a strike offense.

during which his state habeas petitions were pending. (Doc. No. 16 at 2.) Petitioner contends that the statute of limitations for the filing of his federal petition was tolled for the following periods: March 10, 2008 to July 28, 2008 (San Joaquin County Superior Court petition); January 21, 2009 to January 29, 2009 (California Court of Appeal petition); and March 27, 2009 to April 22, 2009 (California Supreme Court petition). (Id.) Based on these periods of tolling, petitioner contends that his federal habeas petition was timely filed pursuant to 28 U.S.C. §§ 2244(d)(1)(d) and 2244(d)(2).

III. Respondent's Reply

As noted above, on May 31, 2011, the undersigned issued an order bringing to respondent's attention the quoted language at petitioner's change of plea hearing and directing him to address the commencement date of the statute of limitations under these circumstances as well as the possible application of 28 U.S.C. § 2244(d)(1)(D). Respondent's three page reply is conclusory and unhelpful. Essentially, respondent rejects out of hand any suggestion that the statute of limitations in this case did not begin to run until January 25, 2008. (Doc. No. 20 at 1-2.) Respondent advances two arguments in this regard.

First, respondent relies on the decision in Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001), in arguing that petitioner is not entitled to a delayed commencement of the statute of limitations because he was aware of all the relevant facts underlying his claims at the time he pled guilty in state court. (Id. at 2.) According to respondent, the only operative facts were that petitioner was pleading guilty to a certain offense and that his counsel informed him that the offense was not a strike. (Id.) That the offense was actually a strike under California law is merely an issue regarding the legal significance of the known facts, according to respondent. (Id.) Respondent makes the puzzling claim that by the time of his change of plea, petitioner should have "realized the alleged problem." (Id.) Respondent concludes that "no additional 'facts' were discovered after the change of plea and 28 U.S.C. § 2244(d)(1)(D) is not applicable." (Id.)

Second, respondent argues that petitioner was not diligent in discovering that the offense to which he pled guilty was considered a strike under California law. (Id. at 3.) Respondent contends that the only research required was to consult the California Penal Code which is "all the more likely given that Petitioner had previously been convicted of a separate 'strike' offense at the time he pled guilty to the instant offense." (Id.) Respondent notes that petitioner waited almost four years for an attorney to advise him about the nature of his conviction offense and concludes that "[f]our years to learn of the legal significance of an offense to which you pled guilty is not diligent." (Id.) However, respondent has not submitted any exhibits with his reply and has not referred the court to any evidence (court documents, presentence report, prison records, etc.) contradicting petitioner's evidence which indicates that on January 25, 2008 he first learned that what he had been told by his own attorney, the deputy district attorney and the state trial court regarding the non-strike nature of the charge to which he had pled was false. Given respondent's failure to even attempt to refute petitioner's evidence, his argument for dismissal of the pending petition is unpersuasive.

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

/////

        > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

The parties dispute when the statute of limitations for the filing of a federal petition for writ of habeas corpus began to run in this case. Respondent asserts that petitioner's judgment of conviction became final on July 2, 2004, when the time for seeking direct review expired, and that the statute of limitations for seeking federal habeas relief began to run the next day, on July 3, 2004. Petitioner argues that the federal statute of limitations did not begin to run until January 25, 2008, the date he first discovered that the offense to which he had agreed to plead guilty pursuant to a negotiated plea agreement was, contrary to what was represented to him at the time, considered to be a strike under California's Three-Strikes law.

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period for the filing of a federal habeas petition begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan, 254 F.3d at 1154 (reversing dismissal of petition on statute of limitations grounds where petitioner did not know at the time of his trial, or have reason to know, added facts that he later learned which materially changed the circumstances and provided a good-faith basis upon which to seek habeas

/////

relief).[7] See also Rhoades v. Henry, 598 F.3d 511, 519 (9th Cir. 2010).

Instructive in considering the issue posed by the pending motion is the decision in Turner v. Marshall, No. CV 08-3778-GAF (JTL), 2008 WL 5501268 (C.D. Cal. Nov. 19, 2008). There, the petitioner filed a federal habeas petition claiming that he was unaware that the offenses he had plead guilty to in state court had resulted in him becoming a "second striker" under California's Three Strikes law. 2008 WL 5501268, at *2. The petitioner had entered his plea in 1999. Id. at *1. Over eight years after being sentenced, petitioner filed his federal habeas petition claiming that he was not advised by his counsel, the court, or the prosecutor that his guilty plea had resulted in him becoming a "second striker." Id. at *2. The petitioner sought the delayed commencement of the federal statute of limitations under § 2244(d)(1)(D), arguing that the limitations period did not begin to run until April 2007, when he "'discovered via his institutional time computation that he was a 2nd striker under the California Three Strikes Law,' pursuant to his 1999 plea agreement." Id. at *3. In moving to dismiss his federal petition as untimely respondent argued, as respondent does here, that the petitioner was aware of the charges to which he entered his no contest plea, that they were serious felonies, and thus, petitioner "'could easily have discovered his status as a second striker . . . through reasonable diligence.'" Id. at *4. The District Court rejected respondent's argument and concluded that although the charging Information identified the offenses in question as serious felonies, the record revealed

/////

/////

/////

/////

[7] As one district court has explained, the factual predicate for the habeas claim in Hasan, "was carefully and actively hidden away by the persons involved, and it was only through a stroke of fortune that the proof did not remain forever buried." Flores v. Hedgpeth, No. CV 08-03329 SJO (RZ), 2008 WL 4196629, at *5 (C.D. Cal. Sept. 10, 2008).

no link between serious felonies and strike offenses of which petitioner was advised. Id. at *5.[8] In addition, the court in Turner pointed out that during the entry of plea and sentencing hearings, there was no discussion of the fact that petitioner's guilty plea would result in him becoming a "second-striker." Id. Under these circumstances, the court applied § 2244(d)(1)(D), holding that the record did not establish that petitioner could have discovered the factual basis for his claim any earlier than the date he received his institutional time computation. Id.

Here, petitioner's ineffective assistance claim is predicated on one critical fact that petitioner apparently became aware of only after the fact - that he had been affirmatively misadvised by his attorney, the prosecutor and the court regarding the nature of the charge to which he entered his plea. At sentencing, petitioner was aware that he was pleading guilty to rape under California Penal Code § 261(a)(3), and that his attorney had advised him that the offense to which he was pleading guilty was not a strike under California's Three Strikes law. Petitioner was also aware that during the change of plea hearing, the deputy district attorney specifically voiced his agreement that the rape offense to which he was entering his plea was not a strike under California law. In fact, the deputy district attorney's statement was made in response to the sentencing judge's inquiry about the nature of the offense and whether it constituted a strike. What petitioner did not know at that time, and what he apparently did not learn until January 25, 2008, was that none of these statements on the record in state court were accurate. Based upon the evidence currently before this court, petitioner had absolutely no reason to doubt the non-strike nature of the offense to which he was entering his plea.

Certainly there are many decisions reflecting the principle that the AEDPA statute of limitations begins to run when a prisoner knows, or thought the exercise of reasonable diligence could discover, the important facts underlying his habeas claim and not when the

---

[8] Here, as Attorney Lie's declaration and the exhibits thereto establish, the Information in petitioner's case did not even allege that the § 261(a)(3) charge was a serious felony under § 1192.7 even though that was the practice of the San Joaquin County District Attorney at the time when charging serious felonies constituting strikes. (Doc. No 1 at 34.)

prisoner first recognizes the legal significance of those facts.  See  Storie v. Kramer, No. 1:10-cv-02236JLT HC, 2011 WL 924736, at *3 (E.D. Cal. March 14, 2011) ("That Petitioner, due to his lack of legal training, may not have appreciated the legal significance of those facts vis-a-vis a federal habeas petition, does not alter the fact that he was aware of these *factual bases* for his claims no later than the end of his criminal trial."); Pelaya v. Cate, No. CV 10-2270-VBF (VBK), 2011 WL 976771, at *4 (C.D. Cal. Jan. 18, 2011) (rejecting petitioner's argument for a delayed start of the statute of limitations because the record showed that petitioner was aware that her crimes constituted a strike before being sentenced), report & recommendation adopted by 2011 WL 976763 (C.D. Cal. March 14, 2011); Rodriguez v. Walker, No. 1:09-cv-01376-JLT HC, 2010 WL 3943629 at *7 (E.D. Cal. Oct. 4, 2010); Walker v. Yates, No. CV 09-2179 RGK (JC), 2010 WL 358841, at *3 (C.D. Cal. Jan. 28, 2010) (holding that petitioner who claims that he was unaware of his constitutional right to appeal his sentence until advised by a fellow inmate is asserting he was not aware of the legal significance of events); Bustamonte v. Adams, No. CIV S-08-2105 JAM DAD P, 2009 WL 2390610 (E.D. Cal. Aug. 3, 2009), aff'd, 2011 WL 2749872 (9th Cir. July 15, 2011).  However, none of those decisions involve a situation where the legal effect of the known facts was affirmatively misrepresented to a petitioner by not only his own attorney, but the prosecutor and the court as well.  Here, it was not at all unreasonable for petitioner to rely on these assurances and for the true nature of the rape offense to remain hidden until petitioner was advised by another attorney of the error.  As such, the decisions noted above are all distinguishable from this case based on the record currently before the court.

Under § 2254(d)(1)(D), the court also considers whether petitioner could have discovered earlier, with the exercise of due diligence, that the rape offense to which he pled was a strike offense.  Of course, "the 'due diligence requirement is an objective standard that considers the petitioner's specific situation,' and it 'does not require that petitioners exercise the maximum diligence possible . . . but only "due" or "reasonable" diligence.'"  Alcox v. Hartley,
/////

No. 09-55825, 407 Fed. Appx. 174, at *1 (9th Cir. Dec. 27, 2010)[9] (quoting Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir. 2010), vacated on other grounds ___F.3d___, 2011 WL 3606632 (9th Cir. Aug. 17, 2011)). See also Avagyan v. Holder, 646 F.3d 672, (9th Cir. 2011) (same description of "due diligence" in the context of assessing the timeliness of a motion to reopen immigration proceedings).

Here, petitioner contends that the earliest he could have discovered his claim was on January 25, 2008, when he was advised by Assistant Federal Public Defender Lie that his rape conviction was a strike offense under California law despite what he had been told. In reply respondent merely argues, without any evidentiary support, that petitioner was not diligent because he waited four years to be advised by an attorney that his conviction was a strike offense. (Reply at 3.) Based on this record, the court finds that there is no evidence suggesting that petitioner should have discovered the factual predicate for his habeas claim any earlier than January 25, 2008. See Hasan, 254 F.3d at 1155 (finding there was "no evidence in the record from which it can be determined when with the exercise of due diligence Hasan could have discovered . . . [the] factual predicate" to support his ineffective assistance of counsel claim); Ellis v. Harrison, No. EDCV 05-00520-SJO (MAN), 2010 WL 3385206 (C.D. Cal. July 12, 2010) (concluding that until petitioner learned about trial counsel's racism from a newspaper article, petitioner lacked a good faith basis for raising a conflict of interest claim), findings and recommendations adopted by 2010 WL 3385201 (C.D. Cal. Aug. 25, 2010); Turner, 2008 WL at *5 ("The Court cannot conclude that Petitioner could have discovered that the charges to which he pleaded no contest constituted strikes prior to April 2007, when Petitioner asserts he received his 'institutional time computation' informed him of as much. Nothing in the record indicates that Petitioner could have discovered the factual basis for his claims at an earlier date."); see also Hines v. Kane, No. CV 05-4113-DDP (OP), 2009 WL 1073168, at *4 (C.D. Cal. April 16, 2009)

---

[9] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

("The requirement of due diligence generally implies an affirmative duty to investigate *after* some triggering event has raised or should have raised the suspicion that further investigation might prove fruitful."). Based upon the present record, the court concludes that under 28 U.S.C. § 2244(d)(1)(D) the statute of limitations for the filing a federal habeas petition in this case did not begin to run until January 26, 2008.[10]

III. Application of § 2244(d)(2)

Under § 2244(d)(2), petitioner is entitled to tolling of the AEDPA statute of limitations while he was properly seeking collateral review in state court. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). As petitioner has argued, and even without application of the mailbox rule, the AEDPA statute of limitations in this case was tolled for 408 days from March 10, 2008 when he filed his habeas petition in the San Joaquin County Superior Court through April 22, 2009 when his final state petition was denied by the California Supreme Court. Accordingly, at most only 105 days (January 26, 2008 to March 10, 2008 and April 22, 2009 to June 22, 2009) of the one year statute of limitations had expired when petitioner filed his federal

/////

/////

/////

/////

/////

[10] As indicated above, on May 31, 2011, the court ordered respondent to file a reply brief addressing "whether petitioner is entitled to a delayed commencement of the AEDPA statute of limitations with respect to **each of his claims** for habeas relief." (Order (Doc. No. 17) at 4) (emphasis added). Nonetheless, respondent filed a brief three-page reply that addressed only petitioner's first claim for federal habeas relief. Therefore, to the extent respondent's motion to dismiss is intended to seek dismissal of petitioner's second and third claims for habeas relief, it should also be denied due to respondent's failure to address any argument to the timeliness of those claims. See Fielder v. Varner, 379 F.3d 31, 317-18 (3d Cir. 2004) (AEDPA statute of limitations should be applied on a claim-by-claim basis). But see Walker v. Crosby, 341 F.3d 1240, 1245 (11th Cir. 2003) ("the statute of limitations in § 2244(d)(1)(D) applies to the application as a whole; individual claims within an application cannot be reviewed separately for timeliness.")

habeas petition on June 22, 2009. His federal habeas petition was therefore timely filed and the pending motion to dismiss should be denied.[11]

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's November 3, 2010 motion to dismiss the petition as untimely (Doc. No. 13) be denied; and

2. Respondent be ordered to file an answer to the petition for a writ of habeas corpus within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
men1710.mtd

[11] Of course, the undersigned has no view at this time on the ultimate merits of petitioner's ineffective assistance of counsel claims. However, it may well be difficult for petitioner to prevail. See Turner v. Marshall, No. CV 08-3778-GAF (JTL), 2009 WL 2900344, at *3 (C.D. Cal. Sept. 2, 2009) (after the denial of motion to dismiss on timeliness grounds noted above, ultimately denying federal habeas relief because "neither the trial court, trial counsel, nor the prosecutor erred in failing to advise petitioner" that the offenses to which he was pleading constituted strikes that could be used to enhance a future sentence).