UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARQUIMEDES MENDOZA, | No. 2:09-cv-1710 MCE DAD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MATTHEW CATE, | |
| Respondent. | |

Respondent has filed a motion to dismiss the pending habeas petition due to the "lack of case or controversy." The motion came on regularly for hearing on May 30, 2014, at 10:00 a.m. in the courtroom of the undersigned. Attorney Michael Bigelow appeared for petitioner. Deputy Attorney General Kevin Quade appeared for respondent. Upon review of the motion and the opposition thereto, as well as the documents submitted by the parties and, upon hearing the arguments of counsel and good cause appearing, the court will recommend that respondent's motion to dismiss be denied.

**I. Background**

On May 3, 2004, in the San Joaquin County Superior Court, petitioner entered a guilty plea to a violation of California Penal Code § 261(a)(3), rape by having intercourse with a person who is prevented from resisting by any intoxicating or anesthetic substance. (Resp't's Lod. Doc. 1, filed Jan. 23, 2012.) Petitioner was subsequently sentenced to serve a three year term in state

1

prison. (Id.) Petitioner did not appeal from his judgment of conviction. However, he subsequently challenged his rape conviction in three unsuccessful state habeas petitions. (Resp't's Lod. Docs. 2, 6, 7, 8, 9, 10, filed Jan. 23, 2012.)

On June 22, 2009, petitioner filed a federal habeas petition in this court. (ECF No. 1.) In his first ground for relief, petitioner claims that his trial counsel rendered ineffective assistance when he mistakenly advised petitioner during plea negotiations that the charge to which he was pleading guilty was not a strike under California's Three Strikes law. (Id. at 6-7.) In his second ground for relief, petitioner claims that his trial counsel rendered ineffective assistance by failing to challenge the DNA evidence relied upon by the prosecution. (Id. at 7-8.)

By order dated January 27, 2014, this court granted petitioner an evidentiary hearing with respect to his claim that he had received ineffective assistance of counsel in connection the negotiation and entry of his guilty plea. That evidentiary hearing was scheduled to take place on April 21, 2014. However, that hearing date was vacated after counsel for respondent advised the court that he intended to file a motion to dismiss the petition.

**II. Motion to Dismiss**

A. <u>Background</u>

As noted above, on May 3, 2004, petitioner entered a guilty plea to a violation of California Penal Code § 261(a)(3) and was sentenced to a term of three years in state prison. He was released from custody on that conviction on August 9, 2005. (ECF No. 73 at 11.) Petitioner remained on parole until July 4, 2009, at which time his parole term expired. (Id. at 12.) He filed this federal habeas action on June 22, 2009, shortly <u>before</u> the expiration of his parole term.

Petitioner was deported to Mexico on August 11, 2005, not long after being released from state prison. (Id. at 16-20.) He later re-entered the United States illegally and was convicted in federal court of unlawful re-entry in violation of 8 U.S.C. § 1326. (Id. at 24-34.) The assistant federal defender assigned to represent petitioner on the § 1326 charge determined that his federal sentence was subject to enhancement due to his prior state court rape conviction. (ECF No. 76 at 2.) Accordingly, she advised petitioner to collaterally challenge his prior state court rape conviction on the grounds that his trial counsel had rendered ineffective assistance in failing to

advise him that he was pleading guilty to a strike offense under California law. (Id.) Thereafter, petitioner filed three unsuccessful habeas petitions in state court, each of which challenged his rape conviction on the grounds suggested by his assistant federal defender. (Resp't's Lod. Docs. 2, 6, 7, 8, 9, 10, filed Jan. 23, 2012.) On August 18, 2008, petitioner was sentenced to serve seventy months in the custody of the U.S. Bureau of Prisons on his federal unlawful re-entry conviction, as enhanced by his prior state rape conviction. (ECF No. 76 at 2.)

Following service of his federal prison term, petitioner was again deported to Mexico on September 11, 2012. (ECF No. 73 at 14-15.) He remains on supervised release with respect to his federal conviction until sometime in 2017. (ECF No. 76 at 7.) Respondent's counsel has informed this court that he believes petitioner now permanently resides in Mexico. (ECF No. 73 at 2, n.2.)

B. Respondent's Arguments

In now moving to dismiss the pending federal habeas petition, respondent argues that there is no longer a "case or controversy" supporting this court's jurisdiction over petitioner's federal habeas petition because petitioner is no longer in actual or constructive custody with respect to the state rape conviction that he is challenging in these habeas proceedings. (ECF No. 73 at 2.) Respondent agrees that this court had jurisdiction over this habeas action when it was filed because petitioner was then still on parole for his state rape conviction and was therefore "in custody" at the time of filing with respect to that conviction. However, respondent contends that because petitioner's state parole term has since expired, there is no effective habeas relief that this court can now grant him. (Id. at 4-5.)

Respondent further argues that a petitioner must be "in custody" not only at the time his federal habeas petition is filed, but throughout the pendency of the habeas proceedings. He argues that he "no longer has any custody of Petitioner to defend, and Petitioner no longer has any Respondent-imposed constraint on liberty of which he could complain." (Id. at 5.) In support of this argument, respondent cites the decision in Dougles v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010), in which the Ninth Circuit Court of Appeals determined that the federal trial court exceeded its habeas jurisdiction when it instructed the state court to revise its judgment and

sentence the petitioner on a lesser-included offense after vacating the petitioner's judgment of conviction. In so holding, the Ninth Circuit advised:

> [A] habeas court "has the power to release" a prisoner, but "has no other power [.]" (citation omitted.) "[I]t cannot revise the state court judgment; it can act only on the body of the petitioner."

Id. at 504.

Here, respondent argues that because he can no longer restrain petitioner on his state rape conviction, this federal habeas action challenging that conviction is "a moot point." (ECF No. 73 at 6.) Respondent argues that it is "hard to imagine a scenario" under which the state could take custody over petitioner pursuant to his state rape conviction and concludes:

> Absent a present or prospective threat of custody from the May 3, 2004 judgment, Petitioner lacks "a concrete and particularized 'injury in fact' that is . . . likely to be redressed by a favorable judicial decision (citation omitted) in a case brought under a statute that empowers a federal court only to reach out to the body of a petitioner. For lack of a present case or controversy on the only issue cognizable in a federal habeas proceeding – the lawfulness of custody – this action should be dismissed without prejudice.

(Id.)

**C. Petitioner's Arguments**

Petitioner agrees that he was released from physical custody on his state rape conviction on August 9, 2005, and was discharged from state parole with respect to that conviction on July 4, 2009. (ECF No. 76 at 1.) However, petitioner argues that this court has jurisdiction over this habeas action because he was "in custody" on the state rape conviction at the time this habeas action was filed. (Id. at 4.)

In the alternative, petitioner argues that this court has jurisdiction over this action because he is challenging the sentence imposed on his federal conviction, which sentence was enhanced by his state rape conviction. (Id. at 4-5.) Petitioner acknowledges that, generally, a defendant may not challenge an enhanced sentence on the ground that the prior conviction used to enhance

/////

/////

/////

4

the sentence was unconstitutionally obtained.[1]  (Id. at 5.)  However, petitioner asserts that there is an exception to this rule when "without justification, [a state court] refused to rule on a constitutional claim that has been properly presented to it" and the habeas court is the "first and only forum available for review of the prior conviction." Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 405 (2001).  Petitioner contends that this recognized exception applies in this case because the state courts denied his habeas petitions without providing him the opportunity to present evidence in support of his ineffective assistance of counsel claim.  (ECF No. 76 at 7) (citing Durbin v. People of California, 720 F.3d 1095, 1098 (9th Cir. 2013).

### D. Respondent's Reply

Respondent counters that a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 may challenge only a state conviction.  (ECF No. 77 at 5.)  He argues that in order to attack his federal conviction, petitioner must file a motion pursuant to 28 U.S.C. § 2255 in federal court naming his federal custodian as the respondent.  (Id.)

Respondent also argues that the Supreme Court's decision in Lackawanna does not apply here because that case involved a challenge to a state conviction that was enhanced by a previous state conviction, whereas here petitioner is now apparently attempting to challenge a federal conviction that was enhanced by a previous state conviction.  (Id.)  Respondent further argues that even if the exception announce in Lackawanna could otherwise apply in this case, petitioner has not shown he comes within the parameters of that exception.  (Id. at 5-6.)  Respondent notes that petitioner collaterally challenged his rape conviction in the state courts and received a decision on the merits of his claims.  Respondent contends that there is no evidence before this court indicating that the state court refused to rule on petitioner's claims or that petitioner was denied the opportunity to challenge his state rape conviction on habeas in state court.  (Id.)

/////

/////

---

[1] This concession is well-taken.  See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403 (2001) (if an expired state conviction is later used to enhance a state criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition brought under 28 U.S.C. § 2254 on the ground that the prior conviction was unconstitutionally obtained).

**E. Applicable Legal Standards**

**1. The "in custody" requirement**

The federal courts may not entertain a petition for writ of habeas corpus filed by a state prisoner unless the prisoner is in custody in violation of the Constitution or laws or treaties of the United States at the time the application for habeas relief is filed. 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 239-40 (1968). The "in custody" requirement applicable to those seeking federal habeas relief may be met even if the petitioner is not physically confined, and the requirement is satisfied if the petitioner has been released on parole. Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (parole "significantly restrain[s] petitioner's liberty" sufficient to satisfy " 'custody' . . . within the meaning of the habeas corpus statute"); Wilson v. Belleque, 554 F.3d 816, 822 (9th Cir. 2009) (observing that the Supreme Court has construed the phrase "in custody" very broadly and that "the custodial requirement has been held met by prisoners released on parole"); Harrison v. Ollison, 519 F.3d 952, 955, n.2 (9th Cir. 2008) ("Due to the pending sentence of federal parole, Harrison is 'in custody' for purposes of the federal habeas provisions, § 2241(c) and § 2255."); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (recognizing that the Supreme Court has held that "a parolee is 'in custody'").[2]

If the statutory "in custody" requirement is satisfied and the court has proper jurisdiction when a habeas action is filed, the court's jurisdiction is not extinguished by the petitioner's later release from custody or the expiration of his sentence. Carafas, 391 U.S. at 234; Bailey, 599 F.3d at 979 ("[B]ut the petitioner's 'subsequent release from custody does not itself deprive the federal habeas court of its statutory jurisdiction.'") (quoting Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir.1983)); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("Nonetheless, if a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody

---

[2] However, if a petitioner is merely challenging the imposition of a fine or his liability under a restitution order and not his underlying judgment of conviction, he has not satisfied the "in custody" requirement for purposes of jurisdiction under 28 U.S.C. § 2254. Bailey v. Hill, 599 F.3d 976, 981 (9th Cir. 2010) (a challenge to a restitution order alone does not satisfy the "in custody" requirement).

does not deprive the court of its jurisdiction."); see also United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir.1988) ("The district court's jurisdiction over this [§ 2255] motion is measured at the time of filing. So long as the Spawrs were in custody at that time, jurisdiction is present.")

### 2. Mootness

Separate and apart from the "in custody" jurisdictional requirement, a case becomes moot when it no longer presents a case or controversy under Article III, § 2, of the United States Constitution.[3] Spencer v. Kemna, 523 U.S. 1, 7 (1998). The "case or controversy" requirement mandates that the parties continue to have a personal stake in the outcome of the lawsuit. Id.; see also United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001). Thus, a habeas case over which the court has jurisdiction can be rendered moot if the petitioner is released from custody while his petition is still pending and that release effectively provides all of the relief the petitioner is seeking by way of habeas. Once a petitioner's sentence has expired, some "collateral consequence" of the conviction must exist in order for the suit to be maintained. Spencer, 523 U.S. at 7. Stated in reverse, a habeas petition challenging a conviction is not rendered moot by a prisoner's release from incarceration so long as the fact of conviction continues to carry with it collateral consequences. Id.

If a habeas petitioner is challenging only the length of his sentence and not the validity of his conviction, his final and unconditional release from custody normally will render his habeas petition moot because his release from custody has provided all the relief he was seeking. Id. at 7-8. However, where the judgment of conviction is challenged in habeas there is a presumption that "a wrongful criminal conviction has continuing collateral consequences." Id. at 8, 10 ("In the context of criminal conviction, the presumption of significant collateral consequences is likely to comport with reality.") See also Carafas, 391 U.S. at 237-38. Moreover, in this circuit the

---

[3] Thus, mootness in the habeas context is not to be confused with the statutory requirement that the habeas petitioner be "in custody." Spencer v. Kemna, 523 U.S. 1, 7 (1998). The presumed collateral consequences of a conviction can prevent a habeas corpus action challenging a judgment from becoming moot even if the petitioner is released from custody while his petition is still pending before the court. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).

presumption of collateral consequences flowing from a criminal conviction is an irrefutable one. Thus, in rejecting a similar argument as that advanced by respondent here, the Ninth Circuit has stated:

> The state next argues that this case is moot, contending that Chaker is no longer suffering any significant collateral consequences as a result of his . . . criminal conviction. This argument is foreclosed by Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir.1994), overruled on other grounds, 8 U.S.C. § 2254(c). In Chacon, we recognized an irrefutable presumption that collateral consequences result from any criminal conviction. See id. We explained that "[o]nce convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be passed." Id.; accord Wood v. Hall, 130 F.3d 373, 376 (9th Cir.1997); Larche v. Simons, 53 F.3d 1068, 1070-71 (9th Cir.1995). Because Chaker faces the prospect of harsher punishment at a later date as a result of his conviction . . ., his claim continues to present a live controversy.

Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). See also Goldyn v. Hayes, 444 F.3d 1062, 1064 n. 2 (9th Cir. 2006) (concluding that, particularly in light of the "irrefutable presumption that collateral consequences result from any criminal conviction," the habeas action before it was not moot because the adverse consequences of the petitioner's conviction remained).[4]

**F. Analysis**

Given these governing legal standards, the undersigned concludes that both parties have, to varying degrees, misconstrued the law. Here, petitioner was on parole and, therefore, clearly "in custody" at the time he filed his habeas petition in this court. As explained above, the fact that he was serving a parole term at the time of his filing of the habeas petition in this court satisfies the "in custody" requirement. Jones, 371 U.S. at 239-40; Wilson, 554 F.3d at 822; Harrison, 519 F.3d at 955, n.2; Williamson, 151 F.3d at 1182. Accordingly, this court has jurisdiction over this habeas action. Moreover, the court's jurisdiction was not extinguished by

---

[4] Respondent does not argue that petitioner's subsequent deportation has rendered this habeas action moot. In any event, a petitioner's deportation subsequent to the filing of his federal habeas petition does not render his claims moot unless he no longer suffers actual collateral consequences from the judgment of conviction he is challenging. Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007).

the fact that after filing his petition in this court petitioner was released from the parole term that was imposed as part of the challenged judgment of conviction.[5] Carafas, 391 U.S. at 234; Bailey, 599 F.3d at 979; Chaker, 428 F.3d at 1219.

Moreover, this habeas action has not been rendered moot by the expiration of petitioner's parole term on his state rape conviction because there is an irrefutable presumption of "collateral consequences" flowing from the challenged conviction that will continue to affect petitioner. Chaker, 428 F.3d at 1219; Goldyn, 444 F.3d at 1064 n. 2; Chacon, 36 F.3d at 1463; see also Maleng, 488 U.S. at 491-92. This is evidenced by, among other things, the fact that petitioner's subsequently imposed federal sentence for unlawful entry was enhanced by the state court rape conviction which he challenges here. Because petitioner is challenging his state court conviction, and not simply the sentence imposed or a restitution order, he continues to have a "personal stake in the outcome" of this habeas action. Spencer, 523 U.S. at 7. Thus, the "case or controversy" requirement has also been satisfied and this case has not been rendered moot.

**III. Conclusion**

Accordingly, for all of the reasons set forth above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss this habeas action "for lack of a case or controversy" (ECF No. 73) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

/////

---

[5] Because at the time this action was filed petitioner was "in custody" with respect to the judgment of conviction he is challenging here, the Supreme Court's decision in Lackawanna is distinguishable and, as respondent has argued, has no bearing on the resolution of the pending motion to dismiss.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Mendoza1710.mtd