UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARQUIMEDES MENDOZA,

           Petitioner,

    v.

MATTHEW CATE,

           Respondent.

No.  2:09-cv-01710-MCE-DB

**ORDER**

      Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302.  On November 14, 2017, the magistrate judge filed Findings and Recommendations herein which were served on all parties and which notified all parties that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 116.  Respondent filed Objections to the Findings and Recommendations, and Petitioner subsequently filed a Reply.  ECF Nos. 118, 121.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the Court respectfully rejects the magistrate judge's Findings and

///

1

1   Recommendations and denies Petitioner's habeas relief for ineffective assistance of

2   counsel as to the strike consequence of his plea deal.

3       The Court must conduct a <u>de novo</u> review of portions of the magistrate judge's

4   findings and recommendations to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R.

5   Civ. P. 72(b)(3); <u>U.S. v. Remsing</u>, 874 F.2d 614, 618 (9th Cir. 1989).  The Court may

6   "accept, reject, or modify, in whole or in part, the findings or recommendations" made by

7   the magistrate judge.  28 U.S.C. § 636(b)(1).  "If neither party contests the magistrate's

8   findings of fact, the court may assume their correctness and decide the motion on the

9   applicable law." <u>Remsing</u>, 874 F.2d at 617.

10      In May 2004, Petitioner pleaded guilty to rape of an intoxicated person in violation

11  of California Penal Code § 261(a)(3) and was subsequently convicted.[1]  Petition for

12  Habeas Relief, ECF No. 1, at 1 ("Petition").  Petitioner did not want to plead guilty to a

13  "strike" offense under California's Three Strikes Law because following his arrest on the

14  rape charge, Petitioner sustained a separate strike conviction on an unrelated charge.

15  <u>Id.</u> at 6.  Petitioner repeatedly told his trial counsel that he did not want to accumulate a

16  second strike, but trial counsel advised and assured him that the rape conviction would

17  not qualify as a strike.  <u>Id.</u>  At the state court plea hearing, the following exchange

18  occurred between trial counsel, the prosecutor, and state court judge:[2]

19          MR. HICKEY [Petitioner's Counsel]:   He is prepared this
            morning to resolve his case.  I have been in discussion with
20          [Deputy District Attorney] Mr. Brooks.  We have come up with
            a section that is fine as to his conduct; sex with a woman who
21          is passed out.  So we'll enter a plea to 261(a)(3) for a period
            of three years.
22

23          . . .

24  _____

25      [1] Given the lengthy factual and procedural history, the Court will only recount those details
    necessary to reach its decision and instead refers to the Findings and Recommendations for a more
    detailed account.  <u>See</u> <u>generally</u> ECF No. 116.

26
    [2] The pages of the transcript from the plea hearing as submitted in the petition are out of order.
27  <u>See</u> Petition at 81–89.  Specifically, the fifth and sixth pages, which include the relevant portions here, are
    switched.  <u>See</u> <u>id.</u> at 85–86.  Those portions of the transcript have been reversed here to reflect the correct
28  exchange.  However, this does not impact the analyses presented in the Findings and Recommendations
    or this Court's order.

1    MR. HICKEY:   We want to make sure the subsection is correct, because it does make a difference.

2

    THE COURT:  261(a)(3).

3

    MR. BROOKS:  Correct.

4

    . . .

5

    THE COURT:  Because it is a serious felony or violent felony

6    conviction, you will be required to complete 85 percent of the term.

7

    MR. HICKEY:  No, that was not agreed upon.  That is why we

8    found this section.

9    THE COURT:  This is not a strike, then?

10    MR. BROOKS:  I don't believe so, Judge.

11    THE COURT:   All right.   You will be eligible for 50 percent good time/work time credits.  Do you understand that?

12

    THE DEFENDANT:  Yes.

13

14    . . .

    THE COURT:  Having each of your rights in mind then, how

15    do you plead to Count 1, a violation of Section 261(a)(3) of the Penal Code, a rape by use of drugs, a felony, occurring

16    July 17, 1999?

17    THE DEFENDANT:  Guilty.

18  Id. at 82, 85–86.  Petitioner was ultimately sentenced to three years of imprisonment with

19  credit for time served, but the charge to which he pleaded guilty in fact constituted a

20  strike.  Id. at 87.

21      On June 22, 2009, just before his parole unconditionally expired, Petitioner filed

22  the instant Petition, raising two claims of ineffective assistance of counsel (1) in the

23  negotiation and entry of his guilty plea based on trial counsel's misrepresentation that

24  the conviction to which he was pleading guilty was not a "strike," and (2) in failing to

25  investigate and challenge the validity of the prosecutor's DNA evidence.  See id. at 6.

26  Regarding his plea deal, Petitioner claims he would have proceeded to trial and not have

27  entered a guilty plea had he known that the offense to which he was pleading guilty was

28  a "strike."  Id.

1    On October 25, 2013, Petitioner's court-appointed counsel stated an intent to

2   seek an evidentiary hearing on the claim of ineffective assistance of counsel as to the

3   strike consequence of the plea deal.  ECF No. 116, at 3.  The following January, the

4   previously assigned magistrate judge granted Petitioner's request for an evidentiary

5   hearing.  ECF No. 61, at 24.  That hearing was subsequently set for April 21, 2014, but

6   was later vacated on Respondent's request pending resolution of his motion to dismiss.

7   ECF Nos. 61, 70, 72.  The evidentiary hearing was thereafter rescheduled and continued

8   multiple times.  ECF Nos. 85, 91, 100, 102, 104.  Finally, on February 24, 2017, the

9   evidentiary hearing was vacated in its entirety for the reasons explained by the

10  magistrate judge:

11          This final order vacating the evidentiary hearing was based
            on a status report filed by petitioner's counsel, who noted
12          that, despite his best efforts, he was unable to communicate
            with trial counsel and unable to access the trial file before trial
13          counsel's death in December 2016.   (ECF No. 105.)
            Petitioner's counsel also noted that the deposition of the trial
14          judge proved unhelpful, and he was not hopeful that the
            prosecuting attorney during petitioner's change of plea
15          hearing could add more than was previously submitted to the
            state superior court.  (Id.)   Based on this report and
16          respondent's concurrence that a hearing would be unhelpful,
            the undersigned vacated the evidentiary hearing but directed
17          the parties to submit further merit briefs.  (ECF No. 108.)

18  ECF No. 116, at 3–4.  Because an evidentiary hearing never occurred, the only evidence

19  before the Court pertaining to Petitioner's guilty plea is the transcript of Petitioner's plea

20  hearing.[3]

21          The case was re-assigned to a different magistrate judge who acknowledged a

22  lack of evidence regarding Petitioner's plea deal but found that Petitioner was

23  nonetheless entitled to habeas relief based on a plain reading of the transcript.[4]  See

24  _____

25      [3] The state court found that Petitioner failed to show that he was prejudiced by trial counsel's
    inefficient performance.  See ECF No. 116, at 12–15.  The magistrate judge adopted the previously
    assigned magistrate judge's findings that the state court's conclusion was based on both an unreasonable
26  application of federal law and on an unreasonable determination of facts, and thus the decision was not
    entitled to deference.  Id. at 16–21.  The Court need not reach the issue of deference, however, for the
27  reasons stated below regarding the lack of an evidentiary hearing.

28      [4] The magistrate judge also found a showing of prejudice based on the following:  (1) "[P]etitioner's
    sworn affidavit where he avers that he specifically wanted to avoid the consequence of another strike

4

1  ECF No. 116, at 32.  The Magistrate Judge interpreted the relevant portion of the

2  transcript as follows:

3  
4  
5  
6  
7  
8  
9  
10  
11  

> There, trial counsel noted that the plea offer was being accepted as to that particular subsection "*because it does make a difference*."  This was not because the subsection differed from that which petitioner was initially charged— indeed, it is the same subsection that served as the basis of the complaint and information.  Rather, the exchange reveals that the difference was attributed to the strike consequences of the plea.  When the court referred to the subsection as a "serious felony or violent felony," both of which are strikes, trial counsel immediately interjected with, "No, that was not agreed upon.  That is why we found this section."  Affirming this implicit focus on the strike nature of the offense ("why we found this section"), the court asked, "This is not a strike, then?" to which the prosecutor responded, "I don't believe so, Judge."  All of this is substantial evidence of petitioner's willingness to plea solely because he believed that the offense was not a strike.

12  ECF No. 116, at 32:8–21 (emphasis in original).  However, such a reading of the

13  transcript does not necessarily support the theory advanced by Petitioner and adopted

14  by the magistrate judge.  Compare id., with Resp.'s Obj., ECF No. 118, at 14–15

15  (arguing the same exchange shows instead "a dispute about whether Petitioner's

16  conviction would be a serious strike felony or a violent strike felony for credit purposes").

17  Furthermore, this interpretation would require this Court to accept that Petitioner's trial

18  counsel, the prosecutor, and the state court judge all misunderstood whether Petitioner's

19  conviction qualified as a strike offense.

20          There are too many unanswered questions surrounding the nature of Petitioner's

21  plea deal, and the transcript does not provide sufficient evidence or context to support

22  Petitioner's claim.  Thus, an evidentiary hearing was necessary to fill the gaps in the

23  state court record.  As the previously assigned magistrate judge explained in granting

24  Petitioner's request for an evidentiary hearing:

25  _____

26  offense since he was acutely aware of the risks associated with another strike after having recently accumulated one in an unrelated case"; (2) Petitioner's belief that the case against him was weak and that

27  he "would have preferred those chances [at trial] to a certain strike in the course of the plea deal"; and (3) Petitioner entered his plea "after numerous court appearances and on the eve of trial."  ECF No. 116, at

28  31–32.  However, the Court finds these are merely inferences and are insufficient to warrant habeas relief.

1
2
3
4
5
6
7
8
9
10
11
12
13

> The San Joaquin County Superior Court's decision that petitioner failed to demonstrate a prima facie case of prejudice with respect to his ineffective assistance of counsel claim was rendered without the benefit of sufficient evidence necessary to support that decision.   Whether petitioner's allegations are in fact true or not has never been determined. However, his allegations with respect to prejudice are certainly plausible and, if true, they would entitle him to federal habeas relief.  Nonetheless, evidence is required in order to determine whether but for the erroneous advice given him by his trial counsel regarding the nature of the charge which was the subject of the plea offer, petitioner would not have pleaded guilty and would have instead insisted on proceeding with the jury trial that was about to begin.  Petitioner's claim that he suffered prejudice as a result of his trial counsel's ineffective assistance cannot be resolved in this case by reference to the state court record because that record does not reflect the facts necessary to resolve that claim.   The record before the state court leaves significant questions unanswered about any discussions between petitioner, his trial counsel and the prosecutor with respect to the plea bargain process and/or whether petitioner was offered plea bargains prior to the first day of trial but refused to accept them because he would have been required to plead guilty to a "strike" offense.

14 ECF No. 61, at 24.  It is for these reasons that the Court finds an evidentiary hearing was

15 necessary and disagrees with the magistrate judge that this petition can be resolved

16 without one.  The fact that Petitioner ultimately declined to move forward with the

17 evidentiary hearing for the reasons stated above indicates that Petitioner cannot make

18 out a case for habeas relief and thus the petition must be denied.[5]

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26

---

[5] The Court further notes that it remains unclear what remedy Petitioner is ultimately seeking.  If the Court grants habeas relief for Petitioner's ineffective assistance of counsel as to the strike consequence of his plea deal, then does Petitioner seek to withdraw his plea and proceed to trial?  The magistrate judge fails to fashion any form of relief and this Court is unsure as to what relief may be given at this point.

1    For the reasons set forth above, the Court respectfully REJECTS the Magistrate

2  Judge's Findings and Recommendations (ECF No. 116) and DENIES Petitioner's

3  habeas relief for ineffective assistance of counsel as to the strike consequence of his

4  plea deal.  The action shall proceed on Petitioner's habeas relief for ineffective

5  assistance of counsel for failing to investigate or challenge the reliability of the

6  prosecution's DNA analysis.

7    IT IS SO ORDERED.

8  Dated:  August 10, 2020

   _____
   MORRISON C. ENGLAND, JR.
   SENIOR UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28