1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARQUIMEDES MENDOZA,

        Petitioner,

   v.

MATTHEW CATE,

        Respondent.

No. 2:09-cv-1710 MCE DB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2004 judgment of conviction for rape of an intoxicated person in violation of California Penal Code § 261(a)(3), which was entered in the San Joaquin County Superior Court pursuant to his guilty plea. Petitioner raises two grounds for federal habeas relief: (1) ineffective assistance of counsel in the negotiation and entry of his guilty plea based on counsel's misrepresentation that the conviction to which he was pleading guilty was not a "strike" under California's Three Strikes Law; and (2) ineffective assistance of counsel in failing to investigate and challenge the validity of the prosecutor's DNA evidence.[1]

---

[1] Petitioner also presents what he claims is a third ground for relief (see Pet. at 10-11), but which is instead merely a repackaging of grounds one and two, as discussed infra.

Previously, the undersigned issued findings and recommendations to grant Petitioner's petition as to the first ground for relief and reserved consideration of the second ground for relief. (ECF No. 116.) The Honorable Morrison C. England, Jr. has since declined to adopt the findings and recommendations and referred the matter back for consideration of Petitioner's second ground for relief. (ECF No. 126.) These supplemental findings and recommendations now follow.

## I.    Relevant Procedural History

### A.    Petitioner's State Conviction

On July 31, 2003, a complaint was filed in the San Joaquin County Superior Court charging petitioner with violating California Penal Code § 261(a)(3), sexual intercourse with a person prevented from resisting by virtue of intoxication, for conduct occurring on July 17, 1999. (Resp.'t's Lod. Doc. 11.) An arrest warrant was issued, and petitioner was arrested on or around September 8, 2003. (Resp.'t's Lod. Doc. entitled "Clerk's Transcript" ("CT") at consecutive pages pgs. 42-44.) Petitioner entered a plea of not guilty. (See id.)

On October 1, 2003, an information was filed charging petitioner with four counts: (1) one count of rape of an intoxicated person in violation California Penal Code § 261(a)(3), (2) one count of unlawful intercourse with a minor three years younger in violation of California Penal Code § 261.5(c), and (3) two counts of resisting arrest in violation of California Penal Code § 148. (Resp.'t's Lod. Doc. 12.)

On October 8, 2003, a preliminary hearing was held where witness testimony was taken. (Resp.'t's Lod. Doc. 2 Ex. B.)

On May 3, 2004, petitioner entered into a plea deal and plead guilty to one count of violating § 261(a)(3). Resp.t's Lod. Doc. 1. All other charges were dismissed, and petitioner was sentenced to 3 years with credit for time served.[2] Id.

---

[2] Petitioner has since been released from custody. Following this release, he was deported to

2

1

2

3

   B.      **Petitioner's Federal Habeas Petition**

   Petitioner filed the pending habeas petition on June 22, 2009.  Respondent filed an answer

on January 23, 2012, and petitioner filed a traverse on February 24, 2012.

4

5

6

7

8

9

   On August 1, 2012, the previously-assigned magistrate judge appointed counsel for

petitioner. Following this appointment, petitioner filed a motion for discovery and/or expansion

of the record.  At the October 25, 2013, hearing on that motion, counsel for petitioner stated that

he was also seeking an evidentiary hearing on his claim of ineffective assistance of counsel

during the plea bargain process in state court.

10

11

12

13

14

15

   By order dated January 27, 2014, petitioner's motion was granted only as to the

evidentiary hearing, which was set for April 21, 2014. (ECF No. 61.) That hearing date was then

vacated on respondent's request pending the filing and disposition of a motion to dismiss. (ECF

Nos. 70, 72.) On April 21, 2014, respondent filed a motion to dismiss, which was ultimately

denied on March 11, 2015. (ECF Nos. 73, 79, 84.)

16

17

18

19

20

21

22

   Following resolution of respondent's motion to dismiss, the evidentiary hearing was

rescheduled and then continued multiple times. It was ultimately vacated entirely on February 24,

2017. (ECF No. 108.) On November 14, 2017, the Court[3] issued findings and recommendations

to grant petitioner's petition as to the first ground for relief. (ECF No. 116.) On August 11, 2020,

Judge England declined to adopt those findings and recommendations, referring the matter back

to the undersigned for consideration of petitioner's second ground for relief.

23

////

24

////

25

////

26

27

28

---

Mexico where he now resides permanently.

[3] This case was reassigned to the undersigned on August 2, 2016. (ECF No.  101.)

**II.     Petitioner's Claims of Ineffective Assistance of Counsel**

In his second ground for relief, petitioner contends that his attorney failed to properly

investigate and challenge the prosecution's DNA analysis, which was the only direct evidence

outside of petitioner's guilty plea to support his conviction.

The only reasoned decision issued as to this claim is from the San Joaquin County

Superior Court,[4] which denied it as follows:

> The record reflects that defense counsel stipulated to the admission
> of evidence which showed that the DNA sample taken from
> Petitioner matched a semen swab taken from the victim on the date
> of the offense. The stipulation was for purposes of the preliminary
> hearing only. Later in the hearing, defense counsel offered an
> explanation for how his semen could be found in the victim's vagina
> which did not implicate him in the rape.
>
> The record, thus, does not establish ineffective assistance, but rather,
> a strategic decision by defense counsel. The failure of defense
> counsel to challenge the DNA evidence at the preliminary hearing
> does not establish or otherwise raise an inference of incompetence.
>
> Accordingly, IT IS HEREBY ORDERED that the petition for habeas
> corpus is denied as to this ground because Petitioner has failed to
> make a prima facie case showing as to this issue. *In re Bower* (1985)
> 38 C.3d 865, 872.

(Resp.'t's Lod. Doc. 5 at 2.)

"The Sixth Amendment guarantees criminal defendants the effective assistance of

counsel." Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam); see also Missouri v. Frye,

566 U.S. 134, 138 (2012) ("The right to counsel is the right to effective assistance of counsel.").

Prevailing on an ineffective assistance of trial counsel claim requires demonstrating both (1) that

counsel's performance was deficient and (2) that the deficient performance prejudiced the

---

[4] See Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007) ("On habeas review, we look through
unexplained state-court decisions leaving, in effect, the denial of post-conviction relief to the last
reasoned state-court decision to address the claim at issue.").

4

defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Cullen v. Pinholster</u>, 563

U.S. 170, 189 (2011) (<u>Strickland</u> standard is clearly established federal law).

"To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" <u>Harrington v. Richter</u>, 562 U.S. 86, 104 (2011) (citation omitted); <u>Premo v. Moore</u>, 562 U.S. 115, 121 (2011); <u>see</u> <u>Strickland</u>, 466 U.S. at 690 (the Court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance."). A petitioner must overcome a "strong presumption" that his lawyer "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u>

Prejudice "focuses on the question whether counsel's deficient performance renders the results of the trial unreliable or the proceeding fundamentally unfair." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372 (1993); <u>Williams v. Taylor</u>, 529 U.S. 362, 393 n.17 (2000). That is, a petitioner must establish there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>Strickland</u>, 466 U.S. at 694; <u>Pinholster</u>, 563 U.S. at 189, and "[t]he likelihood of a different result must be substantial, not just conceivable." <u>Richter</u>, 562 U.S. at 112. Thus, counsel's errors must be "so serious as to deprive the defendant of a fair trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687. A petitioner bears the burden of establishing both components. <u>Williams</u>, 529 U.S. at 390-91. However, the Court need not determine whether counsel's performance was deficient before examining the prejudice the alleged deficiencies caused Petitioner. See <u>Smith v. Robbins</u>, 528 U.S. 259, 286 n.14 (2000) ("If it is easier to dispose of the ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.") (quoting <u>Strickland</u>, 466 U.S. at 697).

5

"Finally, even if [a petitioner] can satisfy both of those prongs, the AEDPA requires that a federal court find the state court's contrary conclusions are objectively unreasonable before granting habeas relief." Woods v. Sinclair, 764 F.3d 1109, 1132 (9th Cir. 2014) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

Plaintiff's second ground for relief fails because he has not shown that defense counsel's performance was constitutionally deficient. By way of background, the Court reproduces here the exchange that occurred at the October 8, 2003, preliminary hearing prior to the introduction of DNA evidence:

> [Petitioner's counsel]: Your Honor, at this time I think this witness is going to testify to some hearsay testimony that he received from an expert witness as to the results of DNA that had been taken from my client, Mr. Arquimedes, and a vaginal swab that had been taken from the alleged victim who testified earlier. Counsel and I have decided since this testimony is going to be by way of 115, that we would just enter into a stipulation as to that and the stipulation would be …
>
> [Prosecutor]: I made an agreement that the stipulation would indicate that a DNA sample taken from this defendant matched a semen swab taken from the victim in this case, Rachael, on the date in question, July 17th, 1999.
>
> The Court: For purposes of preliminary hearing only?
>
> [Petitioner's counsel]: Clearly for only the preliminary hearing.
>
> The Court: Is that agreeable?
>
> [Petitioner's counsel]: Yes.

(Resp.'t's Lod. Doc. 7, Ex. B.) Petitioner contends that counsel provided ineffective assistance when he stipulated to the DNA evidence. But as the state court noted, counsel's decision was plainly a strategic decision made in the context of the preliminary hearing only. In fact, at the same hearing, counsel highlighted the defense's theory of the DNA hit, suggesting that Petitioner masturbated while sitting on the ground and that the real perpetrator, who was sitting next to

6

Petitioner, somehow came into contact with Petitioner's semen, which he then transferred to the victim. (See id.) None of these facts support a finding that trial counsel's performance was constitutionally deficient as opposed to merely a strategic decision made within a limited context.

Counsel's subsequent decision to forego challenging the DNA evidence before advising plaintiff to accept a plea deal does not alter this conclusion. In fact, "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." Premo, 562 U.S. at 125. As the Supreme Court noted in Premo,

> Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place. Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

Id. at 124-25.

Here, the record reveals that Petitioner was arrested on felony charges for violation of Penal Code § 261(a)(3), Rape: Victim Drugged. (Resp.'t's Lod. Doc. 12.) After the preliminary hearing, Petitioner was facing three more charges: one count for violation of Penal Code § 261.5(C), Unlawful Intercourse w/ Minor 3 Years Younger, and two counts for Violation of Penal Code § 148, Resisting, Delaying, or Obstructing a Police Officer.  (Resp.'t's Lod. Doc. 12.) Because these additional charges would have suggested to counsel that the prosecutor's case was growing stronger, counsel apparently "ma[d]e careful strategic choices in balancing opportunities and risks" when he decided to forego challenging the DNA evidence and instead advised

7

Petitioner to enter into a plea deal and plead guilty to one count of violating § 261(a)(3). (Resp.'t's Lod. Doc. 1.) As a result of the plea negotiations, the three extra charges were dismissed, and Petitioner was sentenced to 3 years minus time served. (See id.) Counsel's decision, which limited Petitioner's criminal exposure, should not be second guessed by the court. See Premo, 562 U.S. at 132 ("Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial....").

As noted, Petitioner also asserts an amalgamation of grounds one and two in his third ground for relief. He contends that counsel's failure to challenge the DNA analysis (as asserted in ground two), together with his failures during the plea bargain process (as asserted in ground one), left Petitioner with a second serious felony or "strike" conviction, a conclusion that could have been avoided had Petitioner proceeded to trial. This claim was first presented to the California Court of Appeal on habeas review, which summarily denied it on January 29, 2009. (Resp.'t's Lod. Docs 4-5.) The California Supreme Court also summarily denied this claim on April 22, 2009. (Resp.'t's Lod. Doc. 7.) This claim was therefore not addressed in a reasoned decision by any state court below. Because the state court's decision was "unaccompanied by an explanation" of its reasoning, AEDPA requires the Court to perform an "independent review of the record" to determine "whether the state court's decision was objectively unreasonable." Harrington v Richter, 562 U.S. 86, 98 (2011). When the state court does not explain the basis for its rejection of a prisoner's claim, a federal habeas court "must determine what arguments or theories [ ] could have supported the state court's decision" in evaluating its reasonableness. Id. at 102.

Petitioner's third ground for relief is substantively indistinguishable from grounds one and two. Therefore, for the reasons set forth in these Findings & Recommendations recommending the denial of Petitioner's second ground for relief and for the reasons set forth in the district

court's August 11, 2020, order denying Petitioner habeas relief on his first ground, the Court concludes that Petitioner has not shown in his third ground for relief that counsel's conduct was constitutionally deficient warranting reversal of his plea.

Accordingly, the Court concludes that the California Supreme Court's rejection of Petitioner's ineffective assistance of trial counsel claims were neither contrary to, nor an unreasonable application of, clearly established federal law.

## III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the parties may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  January 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

1  /DLB7;
   DB/Inbox/Substantive/mend1710.fr3

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28